UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SCOTT SILBERLIGHT, et al.,

                    Plaintiffs,            Case No. 12CV7133(AKH)

                    -against-

PARADOX VENTURES, LLC, et al.,

                    Defendants.
------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION FOR PERMISSION TO WITHDRAW AS COUNSEL

STECKLOW COHEN & THOMPSON
Attorneys for Plaintiff
10 SPRING STREET – SUITE 1
New York, New York 10012
(212) 566-8000

## PRELIMINARY STATEMENT

This memorandum of law is submitted in support of Stecklow Cohen & Thompson's motion to withdraw as defendants' counsel pursuant to Local Rule. 1.4. Defendants Paradox Ventures LLC and Michele Colombo ("Defendants") have made it unreasonably difficult for the undersigned to continue to represent them. Defendants have not paid attorneys fees to Stecklow Cohen & Thompson ("Counsel") since 2012, and have not authorized Counsel to take any action to defend Defendants in this case. A declaration detailing these issues is attached. For these reasons, the Court should find it proper to permit the supporting declaration to be filed under seal and once it has been reviewed *in camera*, the Court should then grant leave of court for Mr. Stecklow and Mr. Cohen to withdraw as Defendant's counsel. Plaintiff's counsel has no opposition to this motion.

## RELEVANT PROCEDURAL HISTORY

On or about September 21, 2012, Plaintiffs initiated suit against Defendants herein by filing a Complaint alleging wage and hour violations in this Court. Attorneys Wylie Stecklow and Samuel Cohen of Stecklow Cohen & Thompson appeared for Defendants on October 25, 2012. In a conference before this Court on February 22, 2013, Wylie Stecklow made a motion to withdraw as Counsel, and tendered a signed document showing Defendants consent to same (See attachment). At that time, the Hon. District Judge Alvin K. Hellerstein denied the motion, and directed the parties to attempt to reach settlement. At a subsequent conference held before Hon. J. Hellerstein on March 22, 2013, Hon. J. Hellerstein Ordered limited disclosures by Defendants by or before March 29, 2013, and directed Wylie Stecklow and Samuel Cohen to renew Stecklow Cohen & Thompson's motion to withdraw thereafter. The

Ordered Disclosures were made, and the instant motion now follows. No answer or other responsive papers have been filed in this case to date.

### ARGUMENT

**A. An Order Granting Leave Of Court To Withdraw As Counsel To Defendants Is Proper In This Case Because Defendants Have Ceased to Communicate With Defendants' Counsel.**

A client's lack of cooperation in his own representation is sufficient grounds for a court to grant a motion for withdrawal by an attorney under the Local Civil Rule and the Rules of Professional Conduct. Under Local Civil Rule 1.4,[1] a lack of cooperation on the part of a client, including a lack of communication, is a sufficient basis for allowing withdrawal by an attorney. *Callahan v. Consolidated Edison Co. of New York, Inc.*, 01-CV-6542 (LAK) (KNF), 2002 WL 1424593, at *1 (S.D.N.Y. July 1, 2002); *Griffin v. Norwegian Cruise Line, Ltd.*, 01-CV-9755 (PKL), 2002 WL 500375, at *1 (S.D.N.Y. April 3, 2002); *Fischer v. Biman Bangladesh Airlines*, 96-CV-3120 (SHS) (AJP), 1997 WL 411446, at *1 (S.D.N.Y. July 18, 1997). The New York Rules of Professional Conduct (hereinafter, "the Rules") also support a lack of cooperation by a client being sufficient basis for withdrawal by an attorney. The Rules permit withdrawal of counsel if "the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively." Rules of Professional Conduct (22 NYCRR 1200.15) rule 1.16 (c) (7).

---

[1] Local Civil Rule 1.4, "Withdrawal or Displacement of Attorney of Record," provides as follows:
> An attorney who has appeared as attorney of record for a party may be relieved or displaced [] by order of the court [] granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar.

Here, the declaration sets forth the substance of Defendants lack of cooperation with their counsel: Defendants have not authorized Stecklow Cohen & Thompson to file an answer or responsive pleading in this case, and have declined to authorize Stecklow Cohen & Thompson to make disclosures that were subsequently Ordered by the Court. These breakdowns in cooperation render it substantially impossible for Stecklow Cohen & Thompson to effectively advocate for Defendants.

Local Civil Rule 1.4 also directs the Court to consider "the posture of the case, including the position, if any, on the calendar." No responsive pleading has been filed herein, and discovery has yet to begin in this matter. Defendants would not be unduly prejudiced by retaining new counsel to complete the next phase of litigation.

If Stecklow Cohen & Thompson are permitted to withdraw, we respectfully request the Court allow Defendants 30 days to enter the appearance of successor counsel. *See HCC, Inc. v. R H & M Mach. Co.*, 96-CV-4920 (PKL), 1998 WL 411313 (S.D.N.Y. July 20, 1998) (withdrawal granted and defendant was granted 30 days to select successor counsel). Once Defendants have selected such counsel, Stecklow Cohen & Thompson will transfer all files to successor counsel and assist successor counsel in becoming knowledgeable about the case.

**B.   An Order Granting Leave Of Court To Withdraw As Counsel To Defendants Is Proper In This Case Because Defendants Have Ceased to Pay Defendants' Counsel.**

It is well settled in the Southern District Court for the State of New York that a client's failure to pay attorney's fees is a sufficient basis for allowing withdrawal by an attorney under Local Civil Rule 1.4. *See, e.g., Blue Angel Films, Ltd. v. First Look Studios, Inc.*, 08 Civ. 6469, 2011 U.S. Dist. LEXIS 16674, *2-*3 (S.D.N.Y. Feb. 17, 2011) (collecting cases); *see also*

*Cower v. Albany Law Sch.*, 04 Civ. 0643, 2005 U.S. Dist. LEXIS 13669, *16 (S.D.N.Y. July 7, 2005); *citing Emile v. Browner*, 95 Civ. 3836, 1996 U.S. Dist. LEXIS 18654, *2-*3, (S.D.N.Y. Dec. 17, 1996) ("When a client fails to pay legal fees, fails to communicate or cooperate with the attorney, . . . these are more than sufficient reasons for counsel to be relieved."); *Allstate Ins. Co. v. Administratia Asigurarilor de Stat*, 86 Civ. 2365, 1993 U.S. Dist. LEXIS 4853, 1993 WL 119708, at *1, *2 (S.D.N.Y. Apr. 15, 1993). Where, as here, Defendants have not paid Counsel for their services since 2012, and have indicated no future intention to do so, considerable authority supports Stecklow Cohen & Thompson's motion to withdraw, and that motion should be granted.

## CONCLUSION

For all the foregoing reasons, including the matters offered to be set forth ex parte, Stecklow Cohen & Thompson respectfully request the Court grant their motion for an Order permitting Stecklow Cohen & Thompson to withdraw as counsel for Defendants Paradox Ventures LLC and Michele Colombo in this matter.

Respectfully submitted,

By: _____
Samuel B. Cohen (SC 0622)
Stecklow Cohen & Thompson
*Counsel for Defendants*
*Paradox Ventures LLC & Michele Colombo*
10 Spring Street Suite 1
New York, New York 10012
t: 212.566.8000

cc:   Plaintiffs' counsel (*via ECF only*)

   Defendants Paradox Ventures LLC, Michael Spalding and Michele Colombo
   330 West Broadway
   New York, NY 10013