USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/28/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
SCOTT SILBERLIGHT and TYRELL DIXON,
individually, and on behalf of all others similarly
situated,

                               Plaintiffs,

     -against-

PARADOX VENTURES, LLC, MICHELE
COLOMBO, and MICHAEL SPALDING,

                               Defendants.
------------------------------------------------------------- x

**ORDER GRANTING
DEFAULT JUDGMENT**

12 Civ. 7133 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Plaintiffs Silberlight and Dixon move for default judgment pursuant to Fed. R. Civ. P. 55(b)(2) for themselves and four opt-in Plaintiffs: Jason Batista, Marvin Anderson, Kelsey Rodriguez, and Juan Delgado. Plaintiffs worked for Defendants as waiters, food preparers, cashiers, busboys, delivery boys, and dishwashers. Plaintiffs filed suit on September 21, 2012, seeking unpaid overtime pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and New York Labor Law ("NYLL"). Despite being served with process, and given numerous extensions, Defendants did not file an Answer. An Amended Complaint was filed on March 26, 2013. Defendants again failed to answer. On June 14, 2013, the Clerk issued a Certificate of Default against the Defendants.

        Under FLSA and NYLL, qualified workers are entitled to one-and-a-half times their regular rate of pay for hours worked beyond 40 hours per week. 12 N.Y.C.R.R. § 142-2.2; 29 C.F.R. § 778.112; 29 U.S.C. §§ 207(a)(1). An employer who violates the FLSA overtime provision is also liable for an equal amount in liquidated damages. 29 U.S.C. § 216(b). Plaintiffs

1

A party may move for default judgment under Rule 55(b)(2) as long as there is a basis for the damages specified in the default judgment. <u>Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.</u>, 109 F.3d 105, 111 (2d Cir. 1997); <u>Maldonado v. La Nueva Rampa</u>, 2012 WL 1669341, at *2-3 (S.D.N.Y. May 14, 2012).

Five Plaintiffs, all except Kelsey Rodriguez, submitted sworn declarations describing the number of hours worked and their wages. I find that these five Plaintiffs are entitled to damages as calculated in their submissions:

- Plaintiff Silberlight was employed from May 2012 to June 2012, and was paid $12.00 per hour. Silberlight is awarded $617.04 in damages.

- Plaintiff Dixon was employed from August 2010 to October 2012, and was paid $500.00 per week. He regularly worked 60 hours per week. Dixon is awarded $19,571.67.

- Plaintiff Batista was employed from August 2011 to September 2012, and was paid $500.00 per week. He regularly worked 56 hours per week. Batista is awarded $8,694.29.

- Plaintiff Delgado worked for Defendants from August 2010 to November 2012 and was paid $500.00 per week in 2010, $600.00 per week in 2011, and $650.00 per week in 2012. Delgado regularly worked 63 hours per week. Delgado is awarded $26,675.07.

- Plaintiff Anderson was employed from January 2012 to August 2012, and was paid $10.00 per hour. He regularly worked 60 hours per week. Anderson is awarded $3,457.00.

- Plaintiff Anderson was employed from January 2012 to August 2012, and was paid $10.00 per hour. He regularly worked 60 hours per week. Anderson is awarded $3,457.00.

Plaintiff Rodriguez, having failed to submit any declaration or affidavit to support his claim, is entitled to default judgment and nominal, or $0.06, in damages.

The Clerk shall enter judgment consistent with this order, mark the motion (Doc. No. 37) terminated, and the docket closed.

SO ORDERED.

Dated:   New York, New York
         August 27, 2013

_____
ALVIN K. HELLERSTEIN
United States District Judge

3